UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA

    -against-

TODD ELLERBY,

              Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
95-CR-00077 (CBA)

**AMON, United States District Judge:**

On June 21, 1995, Defendant Todd Ellerby was convicted after a jury trial before the Honorable Reena Raggi of three substantive Hobbs Act robberies and Hobbs Act conspiracy, in violation of 18 U.S.C. § 1951, and three counts of using, possessing, and carrying a firearm in the course of the Hobbs Act violations, in violation of 18 U.S.C. § 924(c). (ECF Docket Entry ("D.E.") # 69.) On November 3, 1995, Ellerby was sentenced by Judge Raggi to 627 months' imprisonment—four 87-month terms for the Hobbs Act counts, running concurrently, plus the required consecutive 540-month mandatory minimum for the § 924(c) counts. (D.E. ## 96; 136 ("Sent. Tr.") at 20:21–21:2.) At the time, the terms for the § 924(c) counts—60 months for the first such count and 240 months each for the second and third such counts—were required to run consecutively in a practice known as "stacking." Ellerby is expected to be released in 2040. Ellerby now moves this Court for a reduction of sentence due to "extraordinary and compelling reasons," pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons stated below, I GRANT Ellerby's motion and will conduct resentencing on September 11, 2020.

**DISCUSSION**

As a threshold matter, the parties dispute whether Ellerby satisfied the requirement of § 3582(c)(1)(A) to first request that the warden of his facility move for a sentence reduction on his

1

behalf and wait 30 days before he can submit such a motion himself.  Assuming this threshold is met, the parties' dispute is whether the First Step Act has provided me with the authority independent of the Bureau of Prisons ("BOP") to afford Ellerby compassionate relief and reduce Ellerby's sentence for "extraordinary and compelling reasons."  And if I have such authority, the parties dispute whether a sentence reduction would be appropriate in Ellerby's case upon consideration of the relevant 18 U.S.C. § 3553(a) factors.

   I.   **Exhaustion of Administrative Remedies**

Pursuant to § 3582(c)(1)(A), a court may grant compassionate relief only "[(1)] upon motion of the Director of the Bureau of Prisons, or [(2)] upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [(3)] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

Ellerby has satisfied this requirement.  He has submitted a certified mail receipt indicating that his letter to the warden requesting that the warden move for compassionate release, addressed to staff mail at FCI Otisville, was received by the facility on November 2, 2019.  (D.E. ## 162-2 ("Receipt") (showing certified mail receipt for delivery to P.O. Box 600 at FCI Otisville), 162-1 ("Gleeson Reply Decl.") (declaring that contents of certified mail included Ellerby's letter requesting that warden move for compassionate release)); see also D.E. # 161-2 ("Gov't Ex. 2") (listing FCI Otisville staff mailing address as P.O. Box 600).)  Since 30 days passed with no response from the warden, Ellerby has met the exhaustion requirement.

## II. This Court's Authority to Reduce Ellerby's Sentence for "Extraordinary and Compelling" Reasons

The parties dispute whether I now have the authority, after the First Step Act's amendment of § 3582(c)(1)(A), to reduce Ellerby's sentence for "extraordinary and compelling" reasons other than those enumerated in Application Note 1(A)–(C) of the Sentencing Commission's Policy Statement. For the reasons stated below, I find that I do.

Any sentence reduction pursuant to § 3582(c)(1)(A)(i) must be "consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's Policy Statement specifies four circumstances that would constitute "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i): (A) the medical condition of the defendant; (B) the age of the defendant; (C) the defendant's family circumstances; (D) and "other reasons." U.S.S.G. § 1B1.13 cmt. n.1. It is the fourth category—"other reasons"—that is at issue in Ellerby's case.

The Government argues, based upon the text of the Policy Statement, that a court can only grant compassionate relief under subsection 1(D) upon a determination by the BOP that there is a qualifying "other reason." (D.E. # 161 ("Gov't Opp'n") at 12.) However, the Policy Statement was enacted before the First Step Act, and the First Step Act has since eliminated the BOP's role as the sole gatekeeper to compassionate relief. See United States v. Ebbers, No. S402CR11443VEC, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020) (noting that the policy "statement is at least partly anachronistic because it has not yet been updated to reflect the new procedural innovations of the First Step Act").

I am in agreement with numerous other district courts in finding that I now have the authority, independent from the BOP, to determine whether extraordinary and compelling reasons other than those enumerated in Policy Statement Application Note 1(A)–(C) justify modifying the defendant's sentence. See United States v. Redd, No. 1:97-cr-00006-AJT, 2020 WL 1248493, *7

3

(E.D. Va. Mar. 16, 2020) ("[R]estricting the Court to those reasons set forth in U.S.S.G. § 1B1.13 cmt. n.1(A)-(C), as the Government proposes, would effectively preserve to a large extent the BOP's role as the exclusive gatekeeper, which the First Step Act substantially eliminated."); United States v. Urkevich, No. 8:03CR37, 2019 WL 6037391, *3 (D. Neb. Nov. 14, 2019) ("Other courts have concluded that the Commission's failure to amend Guideline § 1B1.13 and related Commentary following the First Step Act does not preclude a court from acting on motions for sentence reductions or using the catch-all provision in Application Note 1(D). . . . This Court infers that . . . [it] may use Application Note 1(D) as a basis for finding extraordinary and compelling reasons to reduce a sentence."); see also United States v. Cantu, 423 F. Supp. 3d 345, 352 (S.D. Tex. 2019); United States v. Cantu-Rivera, No. H-89-204, 2019 WL 2578272 *1–*2 (S.D. Tex. June 24, 2019); United States v. Brown, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019); United States v. Rodriguez, No. 17-CR-00021-WHO-1, 2019 WL 6311388, *7 (N.D. Cal. Nov. 25, 2019); United States v. Valdez, No. 3:98-CR-0133-01-HRH, 2019 WL 7373023, *2 (D. Alaska Dec. 31, 2019); United States v. Schmitt, No. CR12-4076-LTS, 2020 WL 96904, *3 (N.D. Iowa Jan. 8, 2020); United States v. Maumau, No. 2:08-CR-00758-TC-11, 2020 WL 806121, *4 (D. Utah Feb. 18, 2020); United States v. O'Bryan, No. 96-10076-03-JTM, 2020 WL 869475, *2 (D. Kan. Feb. 21, 2020); United States v. Young, No. 2:00-CR-00002-1, 2020 WL 1047815, *6 (M.D. Tenn. Mar. 4, 2020); United States v. Owens, No. 97-CR-2546-CAB, slip. op. at 4–5 (S.D. Cal. Mar. 23, 2020); United States v. Decator, No. CR-CCB-95-0202, 2020 WL 1676219, *3 (D. Md. Apr. 6, 2020); United States v. Defendant(s), No. 2:99-CR-00257-CAS-3, 2020 WL 1864906, *5 (C.D. Cal. Apr. 13, 2020); United States v. Marks, No. 03-CR-6033L, 2020 WL 1908911, *6 (W.D.N.Y. Apr. 20, 2020).

**III.     "Extraordinary and Compelling Reasons" Justifying Sentence Reduction for Ellerby**

Having found that I have the authority to consider whether Ellerby's circumstances qualify him for compassionate relief for "other" extraordinary and compelling reasons, I turn to whether such a circumstance exists here.

Ellerby argues that his circumstances warrant compassionate relief because, in conjunction with other factors, he was sentenced under the now-repealed regime of "stacked" mandatory minimums for § 924(c) sentences, which resulted in an "indefensibly harsh" sentence. (D.E. # 157-1 ("Def. Mem.") at 9.) At the time of Ellerby's sentencing, multiple § 924(c) counts charged in the same indictment would be "stacked" at sentencing because any second such conviction would be considered a "second or subsequent" conviction for the purposes of the statute's 20-year mandatory minimum sentence. See Deal v. United States, 508 U.S. 129 (1993). The First Step Act amended § 924(c) to end the imposition of these "stacked" sentences. First Step Act of 2018, Pub. L. No. 115-391, § 403(b), 132 Stat. 5194, 5221–22. Today, Ellerby's three simultaneous § 924(c) convictions would result in a 15-year consecutive sentence rather than the 45-year one that Judge Raggi was obligated to impose.

The Government contends that the changed circumstances do not warrant relief for Ellerby, arguing principally that the § 924(c) amendments cannot be the basis for compassionate relief because the amendments were not made affirmatively retroactive by Congress. (Gov't Opp'n at 16.)

Although the issue is not free from doubt, in the absence of contrary authority from the Second Circuit, I am inclined to follow the numerous decisions that have found unreasonably long sentences based on "stacked" § 924(c) terms to be an extraordinary and compelling "other reason" that can, in conjunction with consideration of other relevant factors including the defendant's

5

rehabilitation, qualify a defendant for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). See United States v. Haynes, No. 93 CR 1043 (RJD), 2020 WL 1941478, at *15 (E.D.N.Y. Apr. 22, 2020) ("[T]he FSA'[s] elimination of the § 924(c) sentencing weaponry that prosecutors employed to require that sentence is an extraordinary and compelling circumstance warranting relief under § 3582(c)."); Redd, 2020 WL 1248493, at *6 ("There is no doubt that there is a gross disparity between the sentence Mr. Redd received and the sentence he would have received after the First Step Act. . . . These are, the Court finds, extraordinary and compelling developments that constitute extraordinary and compelling reasons that warrant a reduction to Mr. Redd's sentence of incarceration."); see also Decator, 2020 WL 1676219, at *3; Owens, No. 97-CR-2546-CAB, slip. op. at 6; Young, 2020 WL 1047815, at *8; O'Bryan, 2020 WL 869475, at *2; Maumau, 2020 WL 806121, at *7; Urkevich, 2019 WL 6037391, at *4; Defendant(s), 2020 WL 1864906, at *5–6; Marks, 2020 WL 1908911 at *7; Brown, 2019 WL 4942051, at *5–6.

The drastic disparity between the sentence Ellerby is serving and the one he would be serving if sentenced under the present law qualifies as an "extraordinary and compelling reason" justifying sentence modification under § 3582(c)(1)(A)(i) when considered in conjunction with other relevant factors, infra. See, e.g., Redd, 2020 WL 1248493 at *6 ("There is no doubt that there is a gross disparity between the sentence Mr. Redd received and the sentence he would have received after the First Step Act. . . . These are, the Court finds, extraordinary and compelling developments . . . ."). Although the Government's argument is by no means frivolous, I am persuaded for the reasons set forth in the above cases that even though Congress did not make its § 924(c) amendment retroactive, compassionate relief for defendants sentenced under the § 924(c) stacking regime can be appropriate in particular cases "given the overall purpose of the First Step

6

Act amendments, which expressly allowed for the possibility for a sentence reduction based on an individualized assessment of the § 3553(a) factors and other criteria." *Id.* at *9; see also Haynes, 2020 WL 1941478, at *16 ("[T]he fact that the FSA changes in § 924(c) were not explicitly retroactive is relevant [but] ultimately has little bearing on whether the court is empowered to act under Section 3582, because [i]t is not unreasonable for Congress to conclude that not all defendants convicted under § 924(c) should receive new sentences, even while expanding the power of the courts to relieve some defendants of those sentences on a case-by-case basis." (quoting O'Bryan, 2020 WL 869475, at *1 (internal quotation marks omitted))).

In Ellerby's case, I find that the combination of his long sentence under the now-repealed § 924(c) stacking regime and his commitment to rehabilitation while incarcerated, together with an analysis of the factors under 18 U.S.C. § 3553(a), warrant resentencing. Although "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason," 28 U.S.C. § 994(t), "rehabilitation is a factor that a court may consider, in conjunction with other relevant circumstances," Marks, 2020 WL 1908911 at *8 (emphasis omitted). As described below, Ellerby "has demonstrated personal characteristics that reflect positively on him and substantial rehabilitation." Redd, 2020 WL 1248493 at *9 (granting § 3582(c)(1)(A)(i) sentence reduction from stacked § 924(c) sentence).

### IV. Consideration of the § 3553(a) Factors in Ellerby's Case

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a court can only grant compassionate relief for extraordinary and compelling reasons after "considering the factors set forth in section 3553(a) to the extent that they are applicable." I will therefore consider: (1) the nature and circumstances of Ellerby's offenses; (2) Ellerby's history and characteristics; (3) the need for his sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford

7

adequate deterrence, and protect the public; (4) the need for rehabilitation; (5) the Guidelines range; and (6) the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a). Although I will have further occasion to consider these factors at Ellerby's resentencing, an initial assessment persuades me that resentencing is appropriate.

Ellerby's crimes were indeed serious. He was a leader of a group that robbed several post offices at gunpoint, terrorizing the postal workers and customers inside. He struck one victim and detained, with handcuffs and tape, others during the robberies. (Gov't Opp'n at 19.) The seriousness of Ellerby's crimes cannot be minimized, but it must be considered in conjunction with an assessment of the duration of the sentence that the sentencing court was compelled to impose.

As to Ellerby's personal circumstances, at the time of his crimes, Ellerby was 28 years old. He has now served more than 24 years of his sentence and is currently scheduled for release from prison around his 75th birthday. Ellerby has demonstrated a commitment to rehabilitation and self-improvement while incarcerated. He enrolled in educational courses, including computer courses, carpentry courses, and drug, alcohol, and mental health courses. He is now pursuing an Associate's degree in theology through Titus Baptist Bible College. Although not assigned to a work posting at the FCI McDowell chapel, the chaplain writes that Ellerby has been "very active in chapel programing, and takes a lot of initiative i[n] setting up for programs and cleaning up afterwards." (D.E. # 157-3 ("Nash Letter").) The chaplain attests to Ellerby's commitment to his education, writing that Ellerby is "exceedingly diligent with his studies and is one of the best students in the course, and functions as an example to other inmates who have enrolled." (Id.) Ellerby's work posting is as a head orderly, and his correctional counselor wrote that he "shows great initiative to get the job done on a daily basis" in that position. (D.E. # 157-4 ("Lilly Letter").) According to his correctional counselor, Ellerby has not had a disciplinary incident since 2010

and, at least while on her case load, "has always made every effort to follow institution rules and regulations." (Id.)

The Government does not argue that Ellerby would be a danger to the community if his sentence were reduced. See U.S.S.G. § 1B1.13(2) (requiring that a court determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before reducing a term of imprisonment pursuant to § 3582(c)(1)(A)). The Government does argue that the fact that Ellerby did not take a plea deal demonstrates he is unwilling to accept responsibility for his crimes. (Gov't Opp'n at 19.) Apart from the issue of "accepting responsibility," I note first that Ellerby's decision to exercise his right to a trial should not have such devastating consequences for him, particularly since the § 924(c) charges would not result in such a greatly enhanced sentence today. In any event, the letters submitted on Ellerby's behalf by his institution's chaplain and correctional officer suggest that he accepts responsibility for the serious nature of his past conduct. (Nash Letter ("Our conversations have focused on his future rather than his past. I can say, however, that he has never blamed anyone but himself for his incarceration."); Lilly Letter ("Mr. Ellerby accepts full responsibility for the crime he committed. He continues to display a positive attitude on a daily basis. I believe Mr. Ellerby understands that if he is granted a reduction in sentence that he has no more room for error.").)

I further conclude the extent of the sentence reduction is best addressed at a full resentencing.

## CONCLUSION

For these reasons, the Court GRANTS Ellerby's motion for resentencing pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Probation Department is directed to provide an updated Pre-Sentence Report to the Court by May 29, 2020. Any submissions by the Defendant are due by

June 12, 2020.  Any submissions by the Government are due by June 26, 2020.  The Government is directed to ensure compliance with notification requirements of the Crime Victims' Rights Act, 18 U.S.C. § 3771.  In light of uncertainties surrounding the current coronavirus pandemic and in the interest of ensuring that a full in-person sentencing can be conducted, resentencing is scheduled for September 11, 2020.

SO ORDERED.

Dated: April 29, 2020
      Brooklyn, New York                      /s/ Carol Bagley Amon
                                                     Carol Bagley Amon
                                                     United States District Judge